Messrs. *Joseph W. Mansur*, of Fitchburg, *John Milton Earle*, of Worcester, *William Schouler*, of Boston, *Henry A. Longley*, of Belchertown, *Solomon C. Spelman*, of Wilbraham, *John W. Thomas*, of Weymouth, and *William Jones*, of West Stockbridge.

On the 29th of January, Messrs. *Ephraim W. Bond*, of Springfield, and *Perez Simmons*, of Hanover, were appointed to take the places, respectively, of Messrs. *Longley* and *Thomas*, who were excused from further serving on the committee, at their own request.

### CASE OF JAMES K. FELLOWS AND OTHERS, PETITIONERS.

Where the mayor and aldermen of a city declined to correct a mistake in the statement of votes for representatives returned from one of the wards therein, on being furnished with an amended return by the ward officers, but adjudged, that no election had been effected, and thereupon ordered a new election; and it appeared, that upon the corrected return, an election did in fact take place, the house admitted the members so elected.

THE petitioners, James K. Fellows, Alpheus R. Brown, Sidney Spalding, John C. Farnsworth, William S. Robinson, Erastus Douglas, Luther B. Morse, and Luther Eames, having claimed seats as members elected, but not returned, from the city of Lowell, the committee on elections, to whom the case was referred, reported thereon, on the 29th of January, that legal meetings, for the election of ten representatives, were held in the several wards of the city of Lowell, on the tenth day of November previous; that these meetings were properly conducted, and the votes regularly received, sorted and counted;

that the several petitioners each received a majority of the whole number of ballots given in; that there were informalities and errors, in making up the record and return in the fourth ward, which the mayor and aldermen did not consider themselves authorized to correct, upon receiving an amended return from the ward officers,[1] but thereupon adjudged that no election had been effected, and ordered a new election.

The irregularity in the return was, that the ward officers of the fourth ward, having recorded the whole number of votes, instead of the whole number of ballots, for senators and representatives, made their return accordingly to the mayor and aldermen.

The whole number of votes for governor, as recorded by the ward officers, and returned by them to the mayor and aldermen, was eight hundred and eleven; and for lieutenant-governor, eight hundred and six; the whole number of votes for senators, *four thousand seven hundred and sixty-nine,* of which the highest candidate voted for received four hundred and fifty; and the whole number for representatives, *eight thousand and thirty-eight,* of which the highest candidate voted for received four hundred and sixty-one. This return was dated and made on the day of election. On the next day, the 11th, the ward officers signed and transmitted a paper, of which the following is a copy, to the mayor and aldermen:—

"We, the undersigned, the warden, inspectors and clerk of ward number four, in the city of Lowell, find on examination two errors made in our record of the whole number of ballots cast in said ward, at the election held on the tenth of November instant, to wit.:—In the return of the whole number of ballots cast for senators for the

[1] The refusal of the mayor and aldermen, to correct the return from ward four by the amended return, gave rise to an indictment against them, which was found and tried at the February term, 1852, of the court of common pleas in the county of Middlesex. A statement of the case, with the opinion of the court thereon, will be found at the end of the volume.

By the statute of 1852, c. 209, § 1, (passed May 12, 1852,) it is now made the duty of the mayor and aldermen and clerk of any city to examine, as soon as may be after any election therein, the returns thereof by the ward officers; "and if any manifest error shall appear therein, in the form of the return," they are to give notice thereof forthwith to the ward officers, who are then immediately to make a new and additional return, under oath, in conformity to the truth of the case. Such amended return may also be made by the ward officers without any notice; and, in either case, it is to be received by the mayor and aldermen, and examined, and made part of the return of the election.

county of Middlesex, being erroneously returned forty-seven hundred and sixty-nine ballots, also in our return of the whole number of ballots cast in said ward for representatives being erroneously returned eight thousand and thirty-eight ballots.

We therefore correct these two numbers, and return the whole number of ballots for senators to the general court was eight hundred and eleven (811).

The whole number of ballots for representatives to the general court was eight hundred and eleven (811).

This correction being in accordance with the truth, and the rest of the original return being correct.

WILLARD MINOT, Warden.
OTIS ALLEN,
JOSEPH S. GREEN, } Inspectors.
LEWIS CUTTING,

ALANSON NICHOLS, Clerk."

The city clerk certified, on this paper, that he received and placed the same on file in his office on the 11th of November, 1851, at half-past two in the afternoon, and that on the same day it was presented by him to the mayor and aldermen.

If the whole number of votes, stated in the original return from the fourth ward, was properly to be included in making up the whole number given in at the election, no person would have the requisite number, and consequently there would be no choice. If the whole number was to be estimated, according to the statement in the amended return from ward four, the petitioners would be elected.

The following is that part of the charter of the city of Lowell, (St. 1836, c. 128, § 22,) which relates to the subject of this case :—

"All elections for governor, lieutenant-governor, senators, county treasurer, representatives, representatives to congress, and all other officers who are to be chosen and voted for by the people, shall be held at meetings of the citizens, qualified to vote in such elections, in their respective wards, at the time fixed by law for those elections respectively. And at such meetings, all the votes given in being sorted, counted and declared by the warden and inspectors of elections, shall be recorded at large in open ward meeting by the clerk, and in making such declaration and record, the whole number of votes given in shall be distinctly stated, together with the name of every person voted for, and the number of votes given for each person; such numbers to be expressed in words at length. And a transcript of such record, certified and authenticated by the warden, clerk, and a majority of the inspectors of elections for each ward, shall forthwith be transmitted or delivered by such ward clerk to the city clerk, and the city clerk shall enter such returns, or a plain and intelligible abstract of them, as they are successively received, upon the journal of the proceedings of the mayor and aldermen, or some other book to be kept for that purpose. And the mayor and aldermen shall meet together, within two days after every such election, and examine and compare all such returns, and thereupon make out a certificate of the result of such

81

election, to be signed by a majority of the board of aldermen, and also by the city clerk, which shall be transmitted, delivered, or returned, in the same manner as similar returns are by law required to be made by the selectmen of towns ; and such certificates and returns shall have the same force and effect, in all respects, as like returns of similar elections made by the selectmen of towns."

The committee were unanimously of opinion, that the several petitioners each received a legal majority of the whole number of votes given in at the election, and were entitled to seats in the house. This report was agreed to,[1] and the petitioners were thereupon admitted to be qualified and took their seats.